CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 3 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAHIM D. ARCHI PEARSON,<br>　　　Plaintiff, | )<br>)　Civil Action No. 7:06-cv-00565<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| AUGUSTA CORRECTIONAL<br>CENTER, et al.,<br>　　　Defendants. | )<br>)　By: Hon. James C. Turk<br>)　Senior United States District Judge |

Plaintiff Shahim D. Archi Pearson, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Pearson alleges that while incarcerated at Augusta Correctional Center, an officer closed the door of Pearson's cell on him and injured Pearson's back. The court filed the complaint conditionally by order entered September 28, 2006, notifying plaintiff that his allegations did not state any claim under § 1983 and giving him an opportunity to amend to correct the deficiencies. Plaintiff filed a timely response to the court's order. However, inasmuch as the court finds that his allegations as amended fail to state any claim upon which he is entitled to relief, his action must be dismissed without prejudice, pursuant to §1915A.[1]

I.

Pearson's allegations are as follows: "C/O S. Johnson staff of state close [sic] me inmate in the cell door July 11, 2006 hurt my lower back. I can't bend over because [of] Johnson closing my lower back in the door." Pearson names as defendants Augusta Correctional Center, D. A. Braxton,

---

[1]Under § 1915A(b)(1), the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

1

Warden, and Officer Johnson. He seeks $20,000,000 in damages for pain and suffering. In response to the court's conditional filing order, advising him to amend to state constitutional claims, Pearson submitted a copy of the court's order with one additional defendant hand-written into the heading on the order: Jim Sisk. The court construed this response as a motion to amend, since it identified a new defendant. The motion, however, did not include any additional allegations.

II.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove such a claim, the inmate must demonstrate that prison officials were deliberately indifferent to a serious risk of harm posed by the challenged condition. Farmer v. Brennan, 511 U.S. 825, 835 (1994). To prove deliberate indifference, plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed and that he actually drew that inference. Id. at 837. Then, plaintiff must show that the official disregarded the risk by failing to take "reasonable measures" to alleviate the risk. Id. at 832. Mere negligence or carelessness is not sufficient to constitute deliberate indifference. Id. at 835. Plaintiff must also show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

An official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials; the doctrine of respondeat superior is inapplicable to §1983 actions. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). A supervisory official can be liable for damages under §1983: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's

2

response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Straud, 13 F.3d 791, 799 (4th Cir. 1994).

Pearson does not state whether he sought medical treatment or not for his back injury, or if he did, what the diagnosis of the injury was and what treatment he required. Thus, he fails to demonstrate that his injury was serious enough to meet the injury requirement under Strickler. Even assuming that Pearson could prove, however, that his back injury would qualify as a serious injury, he does not state any facts indicating that any of the defendants acted with deliberate indifference to a risk of harm on July 11, 2006. He does not allege that Officer Johnson, who shut the door, knew that his action in doing so would result in injury to Pearson. Perhaps Pearson believes that before he closed the door, Johnson should have looked more closely to be sure that no one was in the path of the door. This allegation states nothing more than a claim that Johnson was negligent in performing his duties as a correctional officer, and negligence is not enough to prove deliberate indifference as necessary to establish an Eighth Amendment claim. Therefore, Pearson's claims against Officer Johnson must be dismissed, pursuant to § 1915A, for failure to state a claim.

Pearson does not even allege that the other defendants had any involvement whatsoever in the incident. Thus, he also fails to state any claim against these defendants, and all claims against them must also be dismissed. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the

court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of October, 2006.

/s/ James C. Turk
Senior United States District Judge